UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 09-5079-VBF(FMOx)**                                   Dated: **December 16, 2009**

Title:   Salvador Ayala -v- The City of San Buenaventura, et al.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:            ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                       None Present

PROCEEDINGS (IN CHAMBERS):    COURT ORDER RE: DEFENDANTS CITY OF BUENAVENTURA, OFFICER ERIC JACKSON, AND OFFICER DOUG CLEAVENGER'S MOTION TO DISMISS (dkt. #22)

**I. Ruling**

**Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. Accordingly, the hearing set for December 21, 2009 at 1:30 p.m. is vacated and the matter taken off-calendar.**

The Court has received, read, and considered the Defendants City of Buenaventura, Officer Eric Jackson, and Officer Doug Cleavenger's ("Moving Defendants") Motion to Dismiss (dkt. #22); the Plaintiff Salvador Ayala's Opposition (dkt. #26); and the Moving Defendants' Reply (dkt. #29).

After reading the papers, the Court makes the following ruling:

(1) First and Second Claims pursuant to Section 1983:
    (a) DENY as to the Officer Defendants because Plaintiff sufficiently alleges constitutional violations and as alleged, the Defendant Officers are not entitled to qualified immunity.
    (b) GRANT, with leave to amend, as to Defendant City as Plaintiff's allegations of municipal liability are conclusory.

(2) Third Claim for False Imprisonment: DENY.  The Plaintiff alleges facts that show that the Moving Defendants were on sufficient notice to require the investigation of the validity of his imprisonment.

(3) Fourth Claim for Violation of California Civil Code Section 52.1: DENY.
The Plaintiff sufficiently alleges an interference with his constitutional rights, and is not required to allege a hate crime.

(4) Fifth Claim for Violation of California Constitution Article I, Section 13: DENY.  The Plaintiff sufficiently alleges a constitutional violation.

(5) Request to Strike Punitive Damages:  GRANT, with leave to amend.  Plaintiff does not adequately plead in his Complaint that the Officer Defendants acted recklessly, intentionally, or with callous indifference with respect to his Section 1983 claims, and does not allege malice or callous disregard with respect to his state law claims.

The Plaintiff has 20 days leave to amend the Plaintiff's Section 1983 claims against the Defendant City, and request for punitive damages.  The Moving Defendants then have 20 days to respond.

**II. Background**

In November of 2007, Plaintiff received a notice in the mail that his driver's license had been suspended due to an arrest warrant #7MP11192 from an October 6, 2007 DUI violation that was associated with Plaintiff's driver's license number.  Compl. ¶ 22.  Plaintiff appeared in state court on January 15, 2008 and obtained a Judicial Clearance and Order Not to Arrest or Jail Upon this Warrant ("Judicial Clearance Order") for warrant #7MP11192 after the court determined that

Plaintiff was not the individual sought by the warrant. *Id.* ¶ 23-24. The Department of Motor Vehicles reinstated his driver's license before July 2008. *Id.* ¶ 25.

On or about July 13, 2008, Officer Jackson stopped Plaintiff for an alleged traffic violation. *Id.* ¶ 26. Plaintiff attempted to show Officer Jackson his Judicial Clearance Order, but Officer Jackson did not examine it. *Id.* ¶ 31. Officer Cleavenger then transported Plaintiff to Ventura County Jail. *Id.* ¶ 32. Although Plaintiff told Officer Cleavenger that he was a victim of identity theft, that the warrant was not for him, and that he had obtained a Judicial Clearance Order, Officer Cleavenger did not examine the Judicial Clearance Order or respond to Plaintiff. *Id.* Officer Jackson also ordered that Plaintiff's car be towed although it was legally parked. *Id.* ¶ 33. Plaintiff remained in the Ventura County Jail until July 14, 2008. *Id.* ¶ 34.

Based on these alleged events, Plaintiff filed his Complaint on July 14, 2009 that alleges five claims: (1) Section 1983 claim for violation of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures and not to be falsely imprisoned; (2) Section 1983 claim for violation of Plaintiff's Fourteenth Amendment right to not be wrongfully deprived of liberty; (3) false imprisonment; (4) California Civil Code section 52.1 claim for violation of Plaintiff's right to be free from unreasonable searches and seizures and due process of law as guaranteed by the State and Federal Constitution; and (5) wrongful detention under Article I, section 13 of the California Constitution.

The City of San Buenaventura (erroneously sued as the City of San Buenaventura and the San Buenaventura Police Department) ("Defendant City") and Officer Eric Jackson and Doug Cleavenger ("Officer Defendants") move to dismiss the Plaintiff's entire complaint.

**III. Analysis**

    **A. First and Second Claims under Section 1983**

The Court denies the Moving Defendants' Motion to Dismiss the Plaintiff's First and Second Claims pursuant to Section 1983 against the Officer Defendants as Plaintiff has sufficiently alleged constitutional violations and as alleged, the Defendant officers are not entitled to qualified immunity. However, the Court grants the Defendant City's Motion to Dismiss the Plaintiff's First and Second Claims pursuant to Section 1983 against the Defendant City as Plaintiff's allegations of municipal liability are conclusory.

      1. Officer Defendants

The Court denies the Officer Defendants' Motion to Dismiss Plaintiff's Section 1983 claims as Plaintiff has sufficiently alleged deprivation of his constitutional rights, and as alleged, the Officer Defendants are not entitled to qualified immunity.

      a. Officer Defendants: Constitutional Violation

In order to bring an action under Section 1983, a plaintiff must allege that "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The Court finds that the Plaintiff has sufficiently alleged a violation of his Fourth and Fourteenth Amendment rights.

The Moving Defendants rely on *Baker v. McCollan*, 443 U.S. 137 (1979) to assert that wrongful detention based on a facially valid warrant for less than three days does not amount to a constitutional violation as a matter of law. In *Baker*, the Supreme Court found that "depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence" may "after the lapse of a certain amount of time deprive the accused of 'liberty . . . without due process of law.'" *Id.* at 743. While in *Baker,* the Supreme Court found on an appeal from a directed verdict that there was no deprivation of due process rights resulting from a three-day detention based on mistaken identity, the Ninth Circuit has been "reluctant . . . to read *Baker* as creating a bright-line rule regarding the length of detention." *See Alvarado v. Bratton*, 299 Fed. App. 740, 2008 WL 48332267 (9th Cir. 2008) (unpublished).

The Court finds that the Plaintiff has sufficiently alleged a deprivation of his Fourth and Fourteenth Amendment constitutional rights. First, the Plaintiff alleges that the information relating to the warrant, along with other information, was sufficient to put Officer Jackson on notice that Plaintiff had previously cleared the warrant (*see, e.g.*, Compl. ¶ 28). Therefore, the Plaintiff does not allege that Officer Jackson arrested him pursuant to a facially valid warrant. *Baker v. McCollan*, 443 U.S. 137 (1979). Additionally, the Plaintiff alleges (1) that he was arrested and detained based on a warrant for another person (*see, e.g.*, Compl. ¶ 17); (2) that the Defendants failed to check his identity through fingerprint comparison or other identification procedures (*see, e.g.*, Compl. ¶¶ 31-32, 35); (4) that the Defendants failed to check the Judicial Clearance Order after

the Plaintiff informed them of it (*see, e.g.*, Compl. ¶¶ 29-32); and (4) that the Plaintiff made repeated assurances throughout the detention that a mistake has been made (*see, e.g.*, Compl. ¶ 17). These allegations are sufficient at this stage to plead a constitutional violation. *Fairley v. Luman*, 281 F.3d 913 (9th Cir. 2002); *Lee v. County of Los Angeles*, 250 F.3d 668 (9th Cir. 2001); *Alvarado v. Bratton*, 299 Fed. App. 740, 2008 WL 48332267 (9th Cir. 2008) (unpublished).

### b. Officer Defendants: Qualified Immunity

The Court denies the Moving Defendants' Motion to Dismiss the Plaintiff's Section 1983 claim against the Officer Defendants based on the argument that they are entitled to qualified immunity.

Officers are not entitled to qualified immunity if (1) the officers' conduct violated a constitutional right and (2) at the time of the alleged constitutional violation, the constitutional right was "clearly established." *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). The Court is no longer required to follow the *Saucier v. Katz* order of analysis. *Pearson*, 129 S. Ct. at 818. At this stage, the Complaint sufficiently alleges that the Officers Defendants are not entitled to qualified immunity. *See also Baker v. McCollan*, 443 U.S. 137 (1979); *Fairley v. Luman*, 281 F.3d 913 (9th Cir. 2002); *Lee v. County of Los Angeles*, 250 F.3d 668 (9th Cir. 2001).

### 2. Defendant City

The Court grants the Defendant City's Motion to Dismiss the Plaintiff's First and Second Claims under Section 1983 as Plaintiff pleads in a conclusory fashion that the Defendants "have maintained or permitted official policies or customs or practices causing or permitting the occurrences of the types of wrong set forth herein . . . ." *See* Compl. ¶ 40.

As for his *Monell* claim against the Defendant City, the Plaintiff must allege that (1) Defendant and its employees acting under color of state law deprived Plaintiff of his constitutional rights; (2) that the Defendant has customs or policies which amount to deliberate indifference to Plaintiff's constitutional rights; and (3) that these policies are the moving force behind the constitutional violations. *Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001).

The Plaintiff's *Monell* liability allegations are insufficient pursuant to *Iqbal v. Ashcroft*, 129 S. Ct. 1937, 1951 (2009). While the Plaintiff points to Ninth Circuit cases to argue that only a bare allegation is required, these cases were decided before the *Iqbal* decision. Additionally, while

MINUTES FORM 90  Initials of Deputy Clerk __rs__
CIVIL - GEN

Plaintiff in his Opposition asserts that the Defendants did not use readily available means to ascertain the true identity of Plaintiff (*see* Opp. at 17-18 (citing Compl. ¶¶ 24, 25, 31, 32, 35)), Plaintiff does not actually allege in his Complaint that these were the official policies, customs, or practices of the City Defendant.  Accordingly, the Court grants the City Defendant's Motion to Dismiss the Plaintiff's Section 1983 claim based on *Monell* liability, with leave to amend.

While the City Defendant also asserts that Plaintiff has not suffered constitutional violations, the Court finds that this argument is unsupported.  The allegations are sufficient at this stage.

**B. Third Claim: False Imprisonment**

The Court denies the Moving Defendants' Motion to Dismiss the Plaintiff's Third Claim for false imprisonment as the Plaintiff alleges facts that show that the Moving Defendants were on sufficient notice to require the investigation of the validity of the imprisonment.

"Imprisonment based upon a lawful arrest is not false, and is not actionable in tort."  *Lopez v. City of Oxnard*, 207 Cal. App. 3d 1, 10 (Ct. App. 1989).  While California law provides immunity for law enforcement officers who make an arrest based on a facially valid warrant (*see* Cal. Civ. Code § 43.55; Cal. Penal Code § 847(b)), a "police officer must use reasonable prudence and diligence to determine whether a party being arrested is the one described in the warrant" and "may not refuse to act upon information offered him which discloses the warrant is being served on the wrong person."  *Lopez*, 207 Cal App. 3d at 7.  Also, a defendant may be liable for false imprisonment if he "knows the imprisonment is unlawful or if [the defendant is] put on official notice sufficient to require investigation of its validity."  *Id.* at 10.  In *Lopez*, a state appellate court found that the plaintiff Lopez's disposition notice (that had the seal of the court, signature of the clerk, and handwritten statements that said that the plaintiff was not another individual who had an arrest warrant), did not constitute an "official notice" sufficient to require investigation of the validity of the imprisonment.

While the Moving Defendants rely on *Lopez* to assert that Plaintiff does not sufficiently state a claim for false imprisonment, the Court finds that Plaintiff's case, as pled, is factually distinguishable.

**C. Fourth Claim: Violation of California Civil Code section 52. 1**

The Court denies the Moving Defendants' Motion to Dismiss the Plaintiff's Fourth Claim for violation of California Civil Code section 52.1 ("Section 52.1") as Plaintiff sufficiently alleges an interference with his constitutional rights, and is not required to allege a hate crime.

The Plaintiff alleges that the Defendants violated Section 52.1 by violating his rights against unreasonable searches and seizures and due process of law as guaranteed by Article I section 13 of the California Constitution, and the Fourth and Fourteenth Amendments.

Section 52.1(b) states that "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured." Subdivision (a) of Section 52.1 requires that the rights of the individuals secured by the Constitution or other laws be interfered or attempted to be interfered with "by threats, intimidation, or coercion."

While the Moving Defendants assert that there must be an allegation of hate crime to maintain an action under Section 52.1, they do not provide sufficient legal authority for this argument. *See, e.g., Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F. Supp. 2d 1084, 1103 (N.D. Cal. 2005) ("Use of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute interference by 'threat[ ], intimidation, or coercion' if the officer lacks probable cause to initiate the stop, maintain the detention, and continue a search. Cal. Civ. Code § 52.1(a)."). *See also Jones v. Kmart Corp.*, 17 Cal. 4th 329 (1998) (stating that section 52.1 "require[s] an attempted or completed act of interference with a legal right, accompanied by *a form of coercion*") (emphasis added).

Furthermore, the Moving Defendants' assertion that no constitutional violation has occurred is unsupported, as explained above in the analysis regarding Plaintiff's Section 1983 claims. The pleading here is adequate to allege a constitutional violation.

**D. Fifth Claim: Violation of California Constitution Article I, section 13**

The Court denies the Moving Defendants' Motion to Dismiss the Plaintiff's Fifth Claim for violation of California Constitution Article I, section 13 as the Plaintiff has sufficiently alleged a constitutional violation.

The Moving Defendants rely on the arguments it raised with respect to the Plaintiffs' First and Fourth claims and does not raise any new arguments. The Court finds that Plaintiff sufficiently pled a violation of his constitutional rights for his First and Fourth Claims, as well as his Fifth Claim.

**E. Punitive Damages**

Punitive damages may be awarded for Section 1983 claims if the Plaintiff pleads and proves that "defendants' conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). "Intentional violations of federal law" are also "sufficient to trigger a jury's consideration of the appropriateness of punitive damages." *Id.* at 51. The Plaintiff does not plead in his Complaint that the Defendants acted recklessly, intentionally, or with callous indifference.

Punitive damages may also be awarded for state claims pursuant to California Civil Code section 3294 if the plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." While the Plaintiff asserts in his *Opposition* that Defendants acted out of malice and callous disregard by refusing to consider exculpatory evidence, and Officer Jackson towing Plaintiff's car even though it was legally parked, the Plaintiff does not allege malice or callous disregard in his *Complaint*. *G.D. Searle v. Superior Court*, 49 Cal. App. 3d 22 (Ct. App. 1975). Accordingly, the Court grants the request to strike punitive damages with leave to amend.