BRIAN VOGEL, SBN 167493
brian@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, CA 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-3026

Attorney for Plaintiff
SALVADOR AYALA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR AYALA, an individual | CASE NO. CV09-5079 VBF FMOx |
| Plaintiff, | **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | |
| THE CITY OF SAN BUENAVENTURA, THE SAN BUENAVENTURA POLICE DEPARTMENT, OFFICE ERIC JACKSON, OFFICER DOUG CLEAVENGER, THE COUNTY OF VENTURA, THE VENTURA COUNTY SHERIFF'S DEPARTMENT, AND DOES 1-10, inclusive. | 1. VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983, 4th and 14th Am.) <br> 2. VIOLATION OF CIVIL RIGHTS (14th Am.) <br> 3. FALSE IMPRISONMENT <br> 4. VIOLATION OF CAL. CIVIL CODE § 52.1 <br> 5. VIOLATION OF CAL. CONST. ARTICLE 1, § 13 |
| Defendants. | **DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1. This is a complaint for money damages by plaintiff arising under 42 U.S.C. §§ 1983 and 1988. Plaintiff seeks redress for deprivation of his rights, privileges and

1

immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and by the laws and Constitution of the State of California.

2.  Subject matter jurisdiction for this action is conferred upon this Court pursuant to 28 U.S.C. §§1331 (federal question) and 1343(3) (civil rights) as the cause of action arises under 42 U.S.C. §1983. The state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

3.  The acts complained of arose in the Central District of California. Therefore, venue properly lies here pursuant to 28 U.S.C. § 1391. Venue in this Court is also proper pursuant to 28 U.S.C. §1391(b)(1) in that one or more Defendants reside in or has its principal place of business in the Central District of California.

## PARTIES

4.  Plaintiff, Salvador Ayala, at all times material herein, was an adult citizen residing in Ventura, Ventura County, California within the jurisdiction of the United States District Court, Central District of California.

5.  At all times material herein, Defendant City of San Buenaventura, (hereinafter "CITY"), was a governmental entity incorporated in 1933 as a charter city duly organized under the laws of the County of Ventura and the State of California. CITY is located in the Central District of California.

6.  At all times material herein, Defendant Ventura Police Department ("VPD"), was a public entity responsible for providing law enforcement for Defendant CITY, including hiring, supervising, training, and managing local police officers.

7. At all times material herein, Defendant County of Ventura ("COUNTY"), was a public entity authorized by law to establish certain departments responsible for enforcing the laws and protecting the welfare of the citizens and public employees of Ventura County. At all times mentioned herein, Defendant COUNTY was ultimately responsible for overseeing the operation, management, and supervision of the Ventura County Jail, which is operated by Defendant Ventura County Sheriff's Department. Defendant COUNTY is liable for the negligent and reckless acts of all of these aforementioned parties, personnel and entities, as described herein.

8. Ventura County Sheriff's Department ("VCSD"), was a public entity responsible for providing law enforcement and detention services for Defendant COUNTY, including supervising, operating, and managing the Ventura County Jail ("VCJ") which is comprised of two facilities, The Ventura County Sheriff's Department Pre-Trial Detention Facility, commonly referred to as the Ventura County Jail, ("VCJ"), and the Ventura County Sheriff's Department Todd Road Facility, (the "Todd Road Jail," located at 600 South Todd Rd., Santa Paula, CA 93009).

9. At all times mentioned herein, Defendant VCSD was responsible for overseeing the operation, management, and supervision of VCJ, and is liable for the negligent and reckless acts of all employees, personnel, and entities, including, but not limited to booking officers DOES 1 through 5, inclusive, and their supervisors, DOES 6 through 10, inclusive.

3

10. In committing the acts and/or omissions alleged herein, all Defendants acted under color of authority and/or color of law.

11. At all times material herein, Defendant VPD Officer Eric Jackson ("JACKSON"), was an adult citizen residing in the Central District of California and acting as a duly appointed police officer employed by Defendant CITY.

12. At all times material herein, Defendant VPD Officer Doug Cleavenger ("CLEAVENGER"), was an adult citizen residing in the Central District of California and acting as a duly appointed police officer employed by Defendant CITY.

13. Upon information and belief, Defendants DOES 1-10 were each responsible in some manner for the injuries and damages alleged herein. The true names and identities of Defendants DOES 1-10 are presently unknown to Plaintiff. Upon information and belief, at all relevant times herein Defendants DOES 1-10 were employees and/or agents of the VCSD, acting at all relevant times within the scope of their employment with VCSD. Upon information and belief, such employees include, inter alia, booking officers, supervisors, managers, and jail commanders. Plaintiff will amend this Complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed and believes, and based thereon alleges, that each Defendant DOE herein is in some manner responsible for the injuries and damages suffered by Plaintiff.

///

///

///

# GENERAL ALLEGATIONS

14. This action is brought under Title 42 U.S.C. §§1983, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the United States.

15. Plaintiff alleges that he was a victim of identity theft and that a person using his name was arrested in Los Angeles, booked into Twin Towers, and charged with violations of Vehicle Code § 23152(a) and (b) ("DUI") and an allegation that the offense occurred within ten years of a prior conviction for DUI.

16. Plaintiff learned of the identity theft, appeared in court in Los Angeles, and cleared the warrant. The court made a finding that Plaintiff was NOT the person that the court [was seeking] in the warrant and issued Plaintiff a Judicial Clearance and Order Not to Arrest or Jail Upon this Warrant, which directed every peace officer and jailer in the state of California not to arrest or jail Plaintiff for this warrant.

17. Despite the fact that he was in possession of this duly issued order at the time of his detention and arrest, and despite the fact that Plaintiff repeatedly requested that the officers look at the order or otherwise check out his claim of identity theft, Plaintiff was unlawfully arrested and taken to jail. Plaintiff was not allowed by either Defendant JACKSON or Defendant CLEAVENGER to retrieve the Judicial Clearance Form and Order Not to Arrest or Jail Upon this Warrant, from his vehicle to take with him to VCJ and the form was left in the glove compartment of the vehicle.

18. Despite the fact that Plaintiff's car was legally parked in a public parking lot, Defendant JACKSON ordered that his vehicle be towed.

19. At all times material herein, Defendant officers, and each of them, including Defendant officers JACKSON and CLEAVENGER and VCSD booking officers DOES 1 through 5, were responsible for the unlawful conduct and resulting injury by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so or by authorizing, acquiescing, or failing to take action to prevent the unlawful conduct. Each said Defendant was acting in the course and scope of his or her employment as a police or booking officer and acting under the color of law.

20. At all times material herein, Defendants VPD, VCSD, and DOES 6 through 10, inclusive, were supervisory officials of Defendants JACKSON, CLEAVENGER, and DOES 1 through 5. DOES 6 through 10 were their immediate supervisor, intermediate supervisor(s), and/or their training officers.

21. Defendants DOES 6 through 10, inclusive, are being sued in their individual capacities, and at the time of the acts complained of, were each duly appointed and acting officers employed by Defendants CITY and VCSD, and at the time of the acts hereinafter complained of, each said Defendant was acting in the course and scope of such employment and acting under color of law, by promulgating policies and procedures pursuant to which the unlawful conduct occurred.

///

///

# STATEMENT OF FACTS

22. In November of 2007, Plaintiff received a notice in the mail that his driver's license had been suspended in accordance with arrest warrant #7MP11192 from a October 6, 2007 DUI violation associated with Plaintiff's driver's license number.

23. On January 15, 2008, Plaintiff appeared in Los Angeles Superior Court, Los Angeles County Metropolitan Courthouse ("METRO COURT"), Division 60, the Honorable Judge Michael Saver presiding, in order to clear the warrant. Plaintiff's likeness and his driver's license photo were compared with the arrest photo of the individual who had used Plaintiff's information.

24. On January 15, 2008, the court judicially determined that Plaintiff was NOT the person sought by the warrant and issued a Judicial Clearance and Order Not to Arrest or Jail Upon this Warrant for warrant #7MP11192. The Judicial Clearance and Order not to Arrest or Jail was a standard Superior Court of Los Angeles form, issued in triplicate, with a green copy issued to the Defendant, containing a file number in the upper right hand corner, bearing Plaintiff's thumb print, the date, the name of the issuing judge, the signature of the of the Los Angeles County Superior Clerk who issued the form, and phone number (213) 744-4057, which is, in fact, the phone number for the Clerk in Division 60 of METRO COURT.

25. Because he was not the person arrested for Warrant # 7MP11192, Plaintiff was able to reinstate his California driver's license at the Department of Motor Vehicles well before July 2008.

7

26. On or about July 13, 2008, under color of law and while on active duty with the Ventura Police Department, VPD Officer JACKSON stopped Plaintiff for an alleged traffic violation. At the time of the stop, Plaintiff parked his car in a marked parking stall in a public parking lot.

27. Plaintiff is informed and believes and thereon alleges that Defendant JACKSON ran Plaintiff's California driver's license number and apparently discovered warrant #7MP11192, which apparently listed Plaintiff's name as an alias for the man arrested October 6, 2007 for DUI.

28. Plaintiff is informed and believes and thereon alleges that the information relating to the warrant and Plaintiff's driver's license status upon which JACKSON relied upon to make the arrest was sufficient to put him on notice that Plaintiff had previously cleared the warrant.

29. Plaintiff had the Judicial Clearance and Order Not to Arrest or Jail Upon this Warrant in his possession and he attempted to show it to Defendant JACKSON. JACKSON refused to look at it. In doing so, JACKSON acted recklessly and with callous indifference to Plaintiff's federally protected rights. Further, in doing so, JACKSON acted in an oppressive, fraudulent and malicious manner toward Plaintiff.

30. Plaintiff explained to JACKSON that if Plaintiff was the subject of the warrant issued for the October 6, 2007 DUI with a prior charge, then he could not possibly have a valid driver's license because the DMV would have suspended his driver's license.and it would still be suspended.

31.  JACKSON did not answer Plaintiff's assertions, did not examine the Judicial Clearance and Order Not to Arrest or Jail Upon this Warrant, and did not use readily available means to ascertain whether Plaintiff was the wanted subject as the court order required. In doing so, JACKSON acted recklessly and with callous indifference of Plaintiff's federally protected rights. Further, in doing so, JACKSON acted in an oppressive, fraudulent and malicious manner toward Plaintiff.

32.  Plaintiff was transported to Ventura County Jail by VPD Officer CLEAVENGER. Plaintiff explained the situation to CLEAVENGER. Plaintiff told CLEAVENGER that he was a victim of identity theft, that the warrant was not for him, and that he had obtained a Judicial Clearance for Warrant #7MP11192. CLEAVENGER did not respond to Plaintiff, failed to examine the court order, and did not use readily available means to ascertain whether Plaintiff was the wanted subject as ordered by the Judicial Clearance and Order Not to Arrest or Jail Upon this Warrant. In doing so, CLEAVENGER acted recklessly and with callous indifference of Plaintiff's federally protected rights. Further, in doing so, CLEAVENGER acted in an oppressive, fraudulent and malicious manner toward Plaintiff.

33.  Despite the fact that Plaintiff's car was legally parked, JACKSON ordered that it be towed. In doing so, JACKSON acted recklessly and with callous indifference to Plaintiff's federally protected rights. Further, in doing so, JACKSON acted in an oppressive, fraudulent and malicious manner toward Plaintiff.

34.   Plaintiff was transferred to Ventura County Jail. Thereafter, employees of the VCSD unlawfully incarcerated Plaintiff in Ventura County jail, based on a warrant for another person. VCSD unlawfully imprisoned Plaintiff until July 14, 2008. Throughout the entire booking process, Plaintiff protested that he was not the person for whom the warrant was issued. He insisted that he had cleared the warrant, obtained a factual finding of innocence, and had his driver's license reinstated.

35.   Plaintiff is informed and believes and thereon alleges that all of the Defendants could have quickly determined, using readily available official information at their disposal, including, but not limited to documentary evidence, fingerprints, computer databases, booking photos, or a brief phone call to the Los Angeles County Sheriff's Department, that he was not the person arrested for the DUI and was not the person for whom the warrant was issued. Plaintiff is informed and believes and thereon alleges that all of the Defendants failed and refused to use readily available means at their disposal to determine whether he was the person wanted on the warrant, or failed and/or refused to act in accordance with the information readily available to Defendants.

36.   As a result of his detention, Plaintiff suffered general and special damages including but not limited to loss of earnings, fear, discomfort, embarrassment, humiliation, anxiety, and loss of privacy.

37.   Plaintiff missed a day of work and had to post a $4,000 bail bond to be released.

38.   Plaintiff's vehicle was towed to Gold Line Towing and Storage at 1334 Callens Road, Ventura, CA 93003 and he was required to pay $257 in impound fees to retrieve it.

39.  Plaintiff has fully complied with California Government Code Sections 910 *et seq.* by timely filing claims with Defendants and timely filing his lawsuit thereafter.

40.  Defendants are alleged to have maintained or permitted official policies, customs or practices, including, but not limited to, Defendants' warrant procedures, booking procedures, and the lack of implementation of any internal procedures to alleviate problems of arresting and detaining individuals on incorrect warrants, despite the occurrence of mistaken identity arrests and subsequent detentions and despite Defendants' possession of technology that makes it possible to recognize identity mistakes within minutes (e.g. documentary evidence, fingerprints, computer databases, booking photos, and telephone communications). Said official policies, customs or practices are the moving force behind the constitutional violations alleged herein and amount to a deliberate indifference of Plaintiff's constitutional rights, based on the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and *City of Canton v. Harris*, 489 U.S. 378 (1989). Defendants JACKSON'S and CLEAVENGER'S, and other unknown employees of Defendants' conduct toward Plaintiff on July 13 and July 14, 2008 conformed to these official policies, customs or practices. As such, Defendants are liable for all injuries sustained by Plaintiff as set forth herein below. All governmental entities are also liable for violations of state law under California Government Code § 815.2.

**FIRST CAUSE OF ACTION - (4th and 14th Amendments/42 U.S.C. § 1983)**

41.  Plaintiff realleges paragraphs 1 through 40 as though set forth herein *verbatim*.

11

42. The conduct of each Defendant violated the right of Plaintiff to be secure in his person and effects against unreasonable searches and seizures and not to be falsely imprisoned, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and entitles Plaintiff to recover damages pursuant to 42 U.S.C. §1983.

43. Defendants JACKSON and CLEAVENGER did the acts alleged herein recklessly and with callous indifference of Plaintiff's federally protected rights. Plaintiff is thus entitled to recover punitive damages from said Defendants in an amount according to proof.

**SECOND CAUSE OF ACTION - (14th Amendment/42 U.S.C. § 1983)**

44. Plaintiff realleges paragraphs 1 through 43 as though set forth herein *verbatim*.

45. The conduct of each Defendant violated the right of Plaintiff not to be wrongfully deprived of liberty, as guaranteed by the Fourteenth Amendment to the United States Constitution and entitles Plaintiff to recover damages pursuant to 42 U.S.C. §1983.

46. Defendants JACKSON and CLEAVENGER did the acts alleged herein recklessly and with callous indifference of Plaintiff's federally protected rights. Plaintiff is thus entitled to recover punitive damages from said Defendants in an amount according to proof.

**THIRD CAUSE OF ACTION -- FALSE IMPRISONMENT**

47. Plaintiff realleges paragraphs 1 through 46 as though set forth herein *verbatim*.

48. By wrongfully detaining and arresting Plaintiff the Defendants and each of them, incarcerated persons without lawful authority or justification.

49. As a direct and proximate cause of the aforementioned acts of Defendants and each of them, Plaintiff was injured as set forth in above.

50. Defendants JACKSON and CLEAVENGER did the acts alleged herein maliciously, fraudulently and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with conscious disregard of the rights of Plaintiff, and/or with an improper and evil motive amounting to malice. Plaintiff is thus entitled to recover punitive damages from said Defendants in an amount according to proof.

## FOURTH CAUSE OF ACTION -- CAL. CIVIL CODE § 52.1

51. Plaintiff realleges paragraphs 1 through 50 as though set forth herein *verbatim*.

52. The conduct of each Defendant violated the right of Plaintiff to be secure in his person and effects against unreasonable searches and seizures, and to due process of law, as guaranteed by the Constitution and laws of the State of California, including Article I, §13 of the California Constitution, and the Fourth and Fourteenth Amendment of the United States Constitution.

53. As a direct and proximate cause of the aforementioned actions of Defendants, Plaintiff was injured as set forth above, thereby entitles Plaintiff to damages against the governmental entity Defendants under Cal. Civil Code § 52.1.

54. Defendants JACKSON and CLEAVENGER did the acts alleged herein maliciously, fraudulently and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with conscious disregard of the rights of Plaintiff, and/or with an

improper and evil motive amounting to malice. Plaintiff is thus entitled to recover punitive damages from said Defendants in an amount according to proof.

### FIFTH CAUSE OF ACTION -- WRONGFUL DETENTION UNDER THE CALIFORNIA STATE CONSTITUTION

55. Plaintiff realleges paragraphs 1 through 54 as though set forth herein *verbatim*.

56. The conduct of each Defendant violated the right of Plaintiff and others similarly situated to be secure in their persons and effects, against unreasonable searches and seizures, as guaranteed by Article I, § 13, of the California Constitution.

57. As a direct and proximate cause of the aforementioned acts of Defendants, was injured as set forth in paragraphs above, thereby entitling Plaintiff to damages under the California Constitution, Art. I, § 13 as against the Defendants.

58. Defendants JACKSON and CLEAVENGER did the acts alleged herein maliciously, fraudulently and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with conscious disregard of the rights of Plaintiff, and/or with an improper and evil motive amounting to malice. Plaintiff is thus entitled to recover punitive damages from said Defendants in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment as follows:

1. Compensatory general and special damages in an amount according to proof;

2. In addition to actual damages identified above, statutory damages as allowed by law for the wrongful detention;

3. Attorneys fees and costs under Civil Code §§ 52(b)(3), 52.1(h); C.C.P. § 1021.5;

4. Attorneys fees and costs under 42 U.S.C. § 1988;

5. The costs of this suit and such other relief as the Court finds just and proper;

6. Civil Code Section 52.1, and any other applicable provision;

7. For punitive damages *against the individual defendants only* pursuant to 42 U.S.C. §§ 1983 and 1988 and/or California Civil Code Section 3294; and

8. For such further relief as the Court finds just and proper.

Dated: 1|4, 2010         THE LAW OFFICES OF BRIAN A. VOGEL, PC

_____
BRIAN A. VOGEL
Attorney for Plaintiff, Salvador Ayala