ARIEL PIERRE CALONNE, State Bar No. 110268
City Attorney
acalonne@ci.ventura.ca.us
ANDY H. VIETS, State Bar No. 127089
Assistant City Attorney
aviets@ci.ventura.ca.us
CITY OF SAN BUENAVENTURA
501 Poli Street
P.O. Box 99
Ventura, California 93002-0099
Telephone: (805) 654-7818
Facsimile: (805) 641-0253

Attorneys for Defendants
CITY OF SAN BUENAVENTURA [erroneously sued and Served as "The City of San Buenaventura" and "The San Buenaventura Police Department"], OFFICER ERIC JACKSON and OFFICER DOUG CLEAVENGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR AYALA, an individual,<br><br>Plaintiff,<br>v.<br>THE CITY OF SAN BUENAVENTURA, THE SAN BUENAVENTURA POLICE DEPARTMENT, OFFICER ERIC JACKSON, OFFICER DOUG CLEAVENGER, THE COUNTY OF VENTURA, THE VENTURA COUNTY SHERIFF'S DEPARTMENT AND DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:09-CV09-5079 VBF FMOx<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES** |

1

Defendants CITY OF SAN BUENAVENTURA ("CITY"), OFFICER ERIC JACKSON AND OFFICER DOUG CLEAVENGER answer the First Amended Complaint for Damages [FAC] of plaintiff SALVADOR AYALA as follows:

**RESPONSE TO ALLEGATIONS**

1. Answering paragraph 1 of the FAC, these answering defendants admit the plaintiff is making the contentions alleged therein.

2. Answering paragraph 2 of the FAC, these answering defendants admit that this court has subject matter jurisdiction over this action.

3. Answering paragraph 3 of the FAC, these answering defendants admit that this court is the proper venue for this action.

4. Answering paragraph 4 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

5. Answering paragraph 5 of the FAC, these answering defendants admit the allegations made therein.

6. Answering paragraph 6 of the FAC, these answering defendants deny that the Ventura Police Department is a "public entity" (it is a department of a public entity), but admit the remainder of the allegations therein.

7. Answering paragraph 7 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

8. Answering paragraph 8 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

9. Answering paragraph 9 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

10. Answering paragraph 10 of the FAC, these answering defendants admit the allegations made therein with respect to themselves to the extent that they are allegations made in the FAC; with respect to the other defendants, these answering defendants have insufficient facts to admit or deny the allegations made therein.

11. Answering paragraph 11 of the FAC, these answering defendants admit the allegations made therein.

12. Answering paragraph 12 of the FAC, these answering defendants admit the allegations made therein.

13. Answering paragraph 13 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

14. Answering paragraph 14 of the FAC, these answering defendants admit that the plaintiff's action is brought under the references statutes, but deny that they are liable under said statutes.

15. Answering paragraph 15 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

16. Answering paragraph 16 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

17. Answering paragraph 17 of the FAC, these answering defendants deny the allegations made therein.

18. Answering paragraph 18 of the FAC, these answering defendants contend that the allegations as phrased are incomplete and taken out of context; as a result, they cannot admit or deny the allegations made therein.

19. Answering paragraph 19 of the FAC, these answering defendants deny the allegations made in the first sentence therein as to JACKSON and CLEAVENGER, but have insufficient facts to admit or deny the allegations made therein as to VCSD booking officers DOES 1 through 5. These answering defendants admit the allegations made in the second sentence therein to the extent that it is referencing conduct by JACKSON and CLEAVNGER during the period of time in which the alleged conduct in the FAC took place.

20. Answering paragraph 20 of the FAC, these answering defendants contend that it is so vague and ambiguous with respect to the term "supervisory officials" that they cannot admit or deny the allegations made therein.

21. Answering paragraph 21 of the FAC, these answering defendants deny the allegations made therein.

22. Answering paragraph 22 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

23. Answering paragraph 23 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

24. Answering paragraph 24 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

25. Answering paragraph 25 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

26. Answering paragraph 26 of the FAC, these answering defendants admit the allegations in the first sentence made therein; as to the second sentence, these answering defendants contend that it is so vague and ambiguous as to time that they cannot admit or deny the allegations made therein.

27. Answering paragraph 27 of the FAC, these answering defendants contend that it is so vague, ambiguous, convoluted, compound and unintelligible that they cannot admit or deny the allegations made therein.

28. Answering paragraph 28 of the FAC, these answering defendants deny the allegations made therein.

29. Answering paragraph 29 of the FAC, these answering defendants deny the allegations made therein.

30. Answering paragraph 30 of the FAC, these answering defendants deny the allegations made therein.

31. Answering paragraph 31 of the FAC, these answering defendants deny the allegations made therein.

32. Answering paragraph 32 of the FAC, these answering defendants admit the allegations made in the first sentence therein, but deny the allegations made in the remainder of the paragraph.

33. Answering paragraph 33 of the FAC, these answering defendants contend that the allegations made in the first sentence as phrased are incomplete and taken out of context; as a result, they cannot admit or deny the allegations made therein. These answering defendants deny the allegations made in the remainder of the paragraph.

34. Answering paragraph 34 of the FAC, these answering defendants admit the allegations made in the first sentence therein, but these answering defendants have insufficient facts to admit or deny the allegations made in the remainder of the paragraph.

35. Answering paragraph 35 of the FAC, these answering defendants deny the allegations made therein.

36. Answering paragraph 36 of the FAC, these answering defendants deny the allegations made therein.

37. Answering paragraph 37 of the FAC, these answering defendants have insufficient facts to admit or deny the allegations made therein.

38. Answering paragraph 38 of the FAC, these answering defendants admit the allegations made therein.

39. Answering paragraph 39 of the FAC, these answering defendants admit the allegations made therein as to themselves.

40. Answering paragraph 40 of the FAC, these answering defendants deny the allegations made therein.

41. Answering paragraph 41 of the FAC, these answering defendants hereby incorporate their above responses to paragraphs 1-40 of the FAC.

42. Answering paragraph 42 of the FAC, these answering defendants deny the allegations made therein.

43. Answering paragraph 43 of the FAC, these answering defendants deny the allegations made therein.

44. Answering paragraph 44 of the FAC, these answering defendants hereby incorporate their above responses to paragraphs 1-43 of the FAC.

45. Answering paragraph 45 of the FAC, these answering defendants deny the allegations made therein.

46. Answering paragraph 46 of the FAC, these answering defendants deny the allegations made therein.

47. Answering paragraph 47 of the FAC, these answering defendants hereby incorporate their above responses to paragraphs 1-46 of the FAC.

48. Answering paragraph 48 of the FAC, these answering defendants deny the allegations made therein.

49. Answering paragraph 49 of the FAC, these answering defendants deny the allegations made therein.

50. Answering paragraph 50 of the FAC, these answering defendants deny the allegations made therein.

51. Answering paragraph 51 of the FAC, these answering defendants hereby incorporate their above responses to paragraphs 1-51 of the FAC.

52. Answering paragraph 52 of the FAC, these answering defendants deny the allegations made therein.

53. Answering paragraph 53 of the FAC, these answering defendants deny the allegations made therein.

54. Answering paragraph 54 of the FAC, these answering defendants deny the allegations made therein.

55. Answering paragraph 55 of the FAC, these answering defendants hereby incorporate their above responses to paragraphs 1-54 of the FAC.

56. Answering paragraph 56 of the FAC, these answering defendants deny the allegations made therein.

57. Answering paragraph 57 of the FAC, these answering defendants deny the allegations made therein.

58. Answering paragraph 58 of the FAC, these answering defendants deny the allegations made therein.

Answer to First Amended Complaint

## AFFIRMATIVE DEFENSES

1. At all times herein mentioned, plaintiff knew of the risks involved in his actions and conduct, and with full knowledge of such risks and appreciating the dangers thereof, nevertheless voluntarily assumed such risks; that by reason of the premises, plaintiff is barred from recovery herein.

2. The incident mentioned in plaintiff's FAC and the resultant damages and/or injuries, if any, sustained by plaintiff, were directly and proximately caused and contributed to by the negligence, carelessness, and/or recklessness of the plaintiff in that at about the time and place set forth in plaintiff's FAC, the plaintiff failed to use due care and caution and circumspection for his own safety and the damages, if any, recoverable by said plaintiff shall be and will be diminished in proportion to the amount of fault attributable to said plaintiff.

3. These answering defendants allege that any injury or damage, or loss, if any, complained of by the plaintiff herein was not only proximately caused and contributed to, but was solely, directly and proximately caused by negligence on the part of plaintiff in that plaintiff did not exercise ordinary care on her own behalf at the time and place as set forth in the FAC on file herein.

4. The injuries and damages alleged by plaintiff, if any, were proximately caused by the negligence and liability of other parties, and defendants request that an allocation of such negligence and liability be made among such other parties, and that if any liability is found on the part of defendants, that judgment against defendants be only in the amount which is proportionate to the extent and percentage by which defendants' acts or omissions contributed to plaintiff's injuries or damages.

5. With respect to the first and second claims of the FAC, this action is barred by the United States Supreme Court's ruling in *Baker v. McCollan* (1979) 443 U.S. 137, 99 S.Ct. 2689.

///

///

6. With respect to the third, fourth and fifth claims of the FAC, this action is barred by the California Supreme Court's ruling in *Lopez v. City of Oxnard* (1989) 207 Cal.App.3d 1, 10, 254 Cal.Rptr. 556.

7. With respect to the third, fourth and fifth claims in the FAC, to the extent that the Complaint herein purports to state causes of action not specifically allowed by the *Government Code*, defendants are immune from liability herein under the provisions of *Government Code* §815.

8. With respect to the third, fourth and fifth claims in the FAC, to the extent that the injury herein resulted from an act or omission of defendants' employees wherein such employees are immune from liability by reason of the immunities alleged in this answer, defendants are immune from liability under the provisions of *Government Code* §815.2(b).

9. With respect to the third, fourth and fifth claims in the FAC, to the extent that the FAC herein is based upon defendants' liability for the act of an independent contractor, defendants allege that had such act or omission been that of defendants' employee, defendants would have no liability by reason of the defenses and immunities alleged in this answer, and that defendants are therefore immune from liability herein under the provisions of *Government Code* §815.4.

10. With respect to the third, fourth and fifth claims in the FAC, to the extent that the Complaint herein is based upon defendants' failure to discharge a mandatory duty, defendants are immune from liability herein by reason of its exercise of reasonable diligence in discharging the duty, under the provisions of *Government Code* §815.6.

11. With respect to the third, fourth and fifth claims in the FAC, to the extent that the Complaint herein is based upon defendants', or its employees', adopting, failing to adopt, or failing to enforce, an enactment or any law, defendants are immune from liability herein under the provisions of *Government Code* §818.2 and §821.

///

12. With respect to the third, fourth and fifth claims in the FAC, the acts or omissions complained of in the Complaint herein, were the result of the exercise of the discretion vested in public employees, while acting in the scope of their public employment, and whether or not such discretion was abused, the City is immune from liability herein under the provisions of *Government Code* §820.2.

13. With respect to the third, fourth and fifth claims in the FAC, any acts or omissions herein were made by public employees, exercising due care, in the execution of law, and defendants are, therefore, immune from liability herein under the provisions of *Government Code* §820.4.

14. With respect to the third, fourth and fifth claims in the FAC, any acts or omissions herein were those of another person, and these answering defendants are therefore, immune from liability herein under the provisions of *Government Code* §820.8.

15. With respect to the third, fourth and fifth claims in the FAC, plaintiff has failed to comply with the claims presentation requirements of *Government Code* §900 et seq., including particularly §901, §905, §910, §911.2, §911.4, §945.4, §946.6 and §950.2.

16. At all times herein mentioned, any injury to plaintiff arose out of the course of employment, for which plaintiff has, or is entitled to receive, workers' compensation benefits; plaintiff's employer and its employees, including plaintiff, were acting within the scope of their said employment, and were themselves negligent in that they failed to exercise ordinary care under the circumstances, failed to provide plaintiff with a safe place of employment, failed to comply with certain other safety requirements, and otherwise acted in willful and wanton disregard for the safety of plaintiff and others; that said wrongful conduct proximately caused any injuries and damages to plaintiff; by reason of the premises, any recovery by plaintiff must be reduced by the amount of workers' compensation benefits paid to or to be paid.

17. Plaintiff has failed to mitigate his damages and/or injuries.

Answer to First Amended Complaint

18. The FAC, and each of its claims, fails to state facts sufficient to constitute a cause of action.

19. The first and second causes of action of the FAC are barred by the qualified immunity doctrine.

20. The third cause of action is barred by *Civil Code* §43.55 and *Penal Code* §847.

## PRAYER

Wherefore, CITY, OFFICER ERIC JACKSON and OFFICER DOUG CLEAVENGER pray:

1. That the Complaint be dismissed and that plaintiff take nothing;
2. For attorneys fees and costs; and
3. For such other and further relief as the Court deems just and proper.

DATED: February 9, 2010

OFFICE OF THE CITY ATTORNEY
CITY OF SAN BUENAVENTURA

By: _____
Andy H. Viets
Attorneys for Defendants
THE CITY OF SAN BUENAVENTURA, THE SAN BUENAVENTURA POLICE DEPARTMENT, OFFICER ERIC JACKSON AND OFFICER DOUG CLEAVENGER